UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

SAM ANTHONY POTENZA,

   Defendant.

Case No. 02-cr-40051-JPG

## **MEMORANDUM AND ORDER**

  This matter comes before the Court on defense counsel's Motion (Doc. 32) to withdraw. Following Defendant Sam Anthony Potenza's guilty plea in this matter, the Federal Public Defender explored whether he qualified for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10. Potenza's counsel eventually filed the instant motion, wherein she argues any reduction would now be moot as Potenza is currently on supervised release. Despite the allowance of a response period by this Court (*see* Doc. 33), neither Potenza nor the Government responded to defense counsel's motion.

  Potenza pled guilty to one count of conspiracy to distribute cocaine, one count of distribution of approximately 28.1 grams of cocaine and approximately 23.8 grams of crack cocaine, and one count of distribution of approximately 51.0 grams of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Potenza's relevant conduct yielded a base offense level of 32. Potenza's base offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering Potenza's criminal history category of III, this yielded a sentencing range of 108 to 135 months in prison. However, a mandatory minimum of ten years existed for two of the counts. As such, the Court imposed a sentence of 120 months for each count to run concurrently.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied* 129 S. Ct. 2817.

Here, the Court need not address either criterion. Custody is a prerequisite to reduction analysis. Since Potenza has served his term of imprisonment and is currently serving his term of supervised release, any request or finding of reduction would be moot.

Accordingly, the Court **GRANTS** defense counsel's Motion (Doc. 32) to withdraw.

**IT IS SO ORDERED.**
**DATED: March 3, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**